Filed 3/3/25  P. v. Lacy CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ROY DONOVAN LACY,

    Defendant and Appellant.

E083241

(Super. Ct. No. INF1601466)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

The trial court found defendant and appellant Roy Donovan Lacy ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancements imposed for his having suffered three prior prison terms (§ 667.5, subd. (b)) were stricken during his initial sentencing proceedings.

On appeal, defendant contends trial courts must conduct full resentencing hearings pursuant to section 1172.75 for every defendant whose prison sentence includes a prior prison term enhancement under section 667.5, subdivision (b) regardless of whether the enhancement was originally executed, stricken or stayed. We disagree. Because the record indicates no prison prior enhancements were imposed at defendant's sentencing, defendant is ineligible for resentencing under section 1172.75, subdivision (d). We therefore affirm the trial court's order denying defendant's request for resentencing under section 1172.75.[2]

---

[1] All future statutory references are to the Penal Code.

[2] The question of whether section 1172.75 applies to prior prison terms which were imposed and stayed is currently pending before our Supreme Court. (See *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted Feb. 21, 2024, S283189.)

## II.

## PROCEDURAL BACKGROUND[3]

In November 2016, defendant pled guilty to four counts of robbery (§ 211) and admitted that he had suffered two prior strike convictions (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) and two prior serious felony convictions (§ 667, subd. (a)). Defendant's plea agreement also indicated that defendant would plead guilty to three prior prison term allegations (§ 667.5, subd. (b)). Specifically, defendant's plea agreement stated: "I will enter a guilty plea to the following charges and enhancements: C1: PC 211, C2: PC 211, C3: PC 211, C4: PC 211 (4 strikes) admit both strike priors, admit both serious priors; and admit 3 prison priors." "The custody term will be 140 years to life." The "0" in "140" replaced a scribbled out "3."

In relevant part, during the plea hearing, the following colloquy occurred:

"THE COURT: And you, on the San Mateo case, that's a five year, admitting the truth of the five-year prior and serious and violent or serious felony conviction. And you were also admitting the truth of the Federal conviction, another serious felony?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: You have one, two, three, and three one-year priors, so were you convicted in Sacramento County, went to prison and did not stay free of custody after your release for five years until you committed a new felony offense; is that correct?

---

[3] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

"THE DEFENDANT: Your Honor, two of those were violation probation that were happening at the same time.

"THE COURT: Which two?

"THE DEFENDANT: The San Mateo and Sacramento.

"THE COURT: But that's a one term --

"THE DEFENDANT: Not that it matters, yes.

"THE COURT: Believe it or not, it matters. Theoretically not to you that it matters, but for the record it matters but that's going to reduce your prior prison term.

"THE DEFENDANT: 142?

"THE COURT: You know what, I'm going to strike the punishment for the other so you're done, 140 to life.

"THE DEFENDANT: Oh, right.

"THE COURT: What's this prior? That's Ms. Maxwell [codefendant]. So you admitted the truth, I took your pleas, you admitted the truth of all the prior strikes and five-year prior?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: So on count 1, you're sentenced to 25 years to life plus 10 for the two five-year priors. On count 2, 25 to life plus the same 10, which means 20; same on count 3, 25 to life plus the same 10, which means 30. On count 4, 25 to life plus the same 10 means 40, so that's 140 years to life.

"And I'm striking the one-year prior.

4

"There's no objection from the People?

"[PROSECUTOR]:  I'll submit, Your Honor.

"[DEFENSE COUNSEL]:  Did Your Honor change the plea form to 140 because he has written 143?

"THE COURT:  I put 140.

"[DEFENSE COUNSEL]:  Thank you, Your Honor."

As of January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b), to eliminate sentence enhancements for prior prison terms unless the prior terms were for sexually violent offenses.  (Stats. 2019, ch. 590, § 1; *People v. Coddington* (2023) 96 Ca1.App.5th 562, 567.)  Two years later, Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1172.75 (formerly § 1171.1) to provide a resentencing procedure that extends the elimination of prior prison term enhancements (other than for sexually violent offenses) to all persons currently incarcerated in jail or prison.  (Stats. 2021, ch. 728, § 3.)  The resentencing procedure, set forth in section 1172.75, subdivision (d), requires the trial court to impose "a lesser sentence than the one originally imposed" unless the court finds by clear and convincing evidence that doing so would endanger public safety.  (§ 1172.75, subd. (d)(1), (2).)

In 2023, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court of defendant's potential eligibility for resentencing under section 1172.75. Defendant's November 2016 abstract of judgment erroneously indicated that five years had been imposed for two of the prior prison term enhancements and that 10 years had been imposed for other prison prior terms.

In December 2023, defendant filed a resentencing memorandum, asserting an entitlement to relief under section 1172.75, as interpreted by *People v. Renteria* (2023) 96 Cal.App.5th 1276, *Saldana*, *supra*, 97 Cal.App.5th 1270, review granted, and *Christianson*, *supra*, 97 Cal.App.5th 300, review granted.

The trial court subsequently held a hearing on defendant's eligibility for resentencing under section 1172.75. The court declined to recall defendant's sentence and resentence him under section 1172.75. The court reasoned that defendant was not serving time for a prior prison term as they were stricken and not stayed.

Defense counsel responded: "But it . . . appears that the Court didn't act on all three because it did not actively say the three are stricken or the three are stayed. It says the one is stricken." The trial court thereafter read the transcript of the plea colloquy and concluded: "This is abundantly clear from this record. The defendant was sentenced to absolutely no prison prior. Let me repeat that. The defendant was sentenced to absolutely no prison prior. There is ambiguity in the language that was used. The judge did strike a prison prior. It is clear that the judge intended to strike all of the prison priors. The judge did not specifically say that he was striking the two alleged prison

6

priors that represented the same prison commitment. [¶] Nevertheless, the judge did not sentence [defendant] to a single second for a prison prior. The entirety of the sentence is attributable to four Counts of 25 years to life and both nickel priors being imposed appropriately, at the time, to each and every consecutive indeterminate term, resulting in exactly what the judge articulated, 140 years to life." The trial court ordered that an amended abstract of judgment be produced without the prison prior enhancements and specifically instructed the court clerk on filling out the amended abstract. Defendant timely appealed.

## III.

## DISCUSSION

Defendant argues that the trial court erred by failing to recall his sentence and resentence him under subdivision (d) of section 1172.75 because his judgment includes the now-invalid prior prison term enhancements, even though they were not imposed or stayed.[4] The People argue that because the prison priors were never imposed and the punishment for the prison priors was struck, not stayed, defendant is not entitled to resentencing under section 1172.75. We agree with the People.

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody

_____

[4] Because it is unnecessary for the resolution of this appeal, we deny defendant's request to take judicial notice of the legislative history of Senate Bill No. 483.

for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.) On January 1, 2020, after defendant's sentencing hearing, Senate Bill No. 136 amended section 667.5, subdivision (b) to allow for the imposition of a one-year prior prison term enhancement only for prior convictions based upon specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In 2022, the Legislature enacted Senate Bill No. 483, establishing a recall and resentencing procedure for any persons serving a term of incarceration, whose sentences included an invalid prior prison term enhancement. (See § 1172.75, subd. (c).) The resentencing process begins with corrections officials notifying the court that an incarcerated person is serving a term for a judgment that includes an invalid section 667.5, subdivision (b) enhancement. (See § 1172.75, subd. (b).) It is well-settled that neither a defendant nor someone acting upon the defendant's behalf can seek recall for resentencing by filing a motion or petition. (*People v. Cota* (2023) 97 Cal.App.5th 318, 332 ["section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition"].)

Section 1172.75 establishes a deadline under which the secretary of the CDCR and county correctional administrators must identify persons in custody serving sentences that include an enhancement under section 667.5. First, "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [affected] enhancement." And second, "[b]y July 1, 2022, for all other individuals." (§ 1172.75, subd. (b)(1),(2).) Resentencing for the "priority" group

8

was statutorily required to occur by October 1, 2022, and "[b]y December 31, 2023, for all other individuals."  (§ 1172.75, subd. (c)(1), (2).)

The Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered section 1172.75 without substantive change.  (Stats. 2022, ch. 58, § 12.)  Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid."  (§ 1172.75, subd. (a).)  Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Section 1172.75, subdivision (d), describes the resentencing procedure.  The resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

Our appellate courts are currently split on whether the word "imposed" in subdivision (a) of section 1172.75 applies only to enhancements that were imposed and executed or also applies to those that were imposed and stayed. By granting review of *Rhodius*, *supra*, 97 Cal.App.5th 38, the Supreme Court has agreed to resolve the "imposition" issue.

In *Rhodius*, *supra*, 97 Ca1.App.5th 38, review granted, this court held that "imposed" must be interpreted as shorthand for "imposed and executed" in order to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "*a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement.*" (*Rhodius*, *supra*, at pp. 42-43, italics added.) Reasoning that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed," we concluded that if section 1172.75 applied to stayed prior prison term enhancements, then a resentencing court faced with such an enhancement would be required to "arbitrarily lower" the defendant's sentence to comply with the "lesser sentence" requirement. (*Rhodius*, *supra*, at p. 44.) Because the Legislature presumably did not intend such an outcome, this court held that section 1172.75 must be construed to apply only to prior prison term enhancements that were imposed and executed. (*Rhodius*, *supra*, at p. 44.)

The rest of the appellate decisions to consider the issue have concluded that section 1172.75 applies regardless of whether the prior prison term enhancement was executed or stayed. (*People v. Renteria*, *supra*, 96 Ca1.App.5th 1276; *Christianson*, *supra*, 97 Ca1.App.5th 300, review granted; *Saldana*, *supra*, 97 Ca1.App.5th 1270, review granted; *People v. Mayberry* (2024) 102 Ca1.App.5th 665, review granted Aug. 14, 2024, S285853.) *Christianson*, *Saldana*, and *Mayberry* reasoned that *Rhodius*'s concern about applying section 1172.75 to stayed enhancements was unfounded, because striking a stayed enhancement does result in a "lesser" sentence within the meaning of section 1172.75, subdivision (d)(1). As *Christianson* explained, a stayed enhancement carries "the potential for an increased sentence," because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, at p. 312.) Striking a stayed enhancement reduces the defendant's sentence, because it eliminates the risk that the enhancement will be executed in the future. (*Ibid*.; see also *Saldana*, *supra*, at p. 1277; *People v. Mayberry*, *supra*, at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact."].) Resentencing courts thus would not be required to arbitrarily lower a sentence that included a stayed prior prison term enhancement, because striking the stayed enhancement is sufficient to satisfy the "lesser sentence" mandate of section 1172.75, subdivision (d)(1). (*Christianson*, *supra*, at p. 312; *Saldana*, *supra*, at p. 1278; *People v. Mayberry*, *supra*, at pp. 674-675.)

Defendant argues that the trial court was required to recall his sentence and resentence him, because the plain language of section 1172.75 does not limit its application to cases wherein the prison priors were imposed and executed but also applies to stricken prison priors as they remain a part of the judgment.  The People counter that because the prison priors were never imposed and punishments on them were struck, the reasoning of *Rhodius* applies.  We need not determine whether *Rhodius* applies or the other appellate decisions that have considered the section 1172.75 issues because the record here indicates that no prison prior enhancements were imposed.

As previously noted, before 2020, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a prior prison term and had not remained free of custody for at least five years." (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.)  Section 1172.75, subdivision (a) declares legally invalid prison prior enhancements that were "imposed" before 2020, when they were prospectively abolished.  If no section 667.5, subdivision (b) prison prior was "imposed," then section 1172.75 does not apply.  Absent a judgment that "includes" the enhancement, there is no basis to recall the sentence and resentence the inmate.  (§ 1172.75, subds. (b), (c).)

At defendant's sentencing, the trial court imposed no section 667.5, subdivision (b) prison prior enhancement.  Defendant filled out a plea form that stated that his sentence would be 143 years to life.  That plea form has the number three scratched out

and a zero written over it, which (as discussed below) represents that three prison priors could have been imposed but were not.

At a combined plea hearing and sentencing, defendant pled guilty to four robbery counts, and he admitted strike priors and serious felony priors. The trial court began to inquire about his three prison priors. Defendant did not admit the priors and said that two of them were actually probation violations. Rather than asking defendant to admit those priors, then, the court stated "[y]ou know what, I'm going to strike the punishment" so Lacy would receive "140 to life." The court then sentenced defendant to 140 years to life without mentioning any one-year sentence component. The court concluded: "And I'm striking the one-year prior." The court stated that it was changing the "143" to "140" on the plea form.

The clerk's minute order from defendant's sentencing confirms how the court imposed the 140-years-to-life sentence: 25-years-to-life on each of four robbery counts, three 10-year enhancements, and two 5-year enhancements, all imposed consecutively. Had the trial court imposed the prison prior enhancements with their one-year sentences, defendant would have received 143 years to life. The minute order neither specifies that any one-year prison prior enhancement was imposed nor any punishment stricken.

Defendant's abstract of judgment reflects the same breakdown of the 140-years-to-life sentence, with sentences of five or 10 years attributed to certain prior offenses. Like the minute order, the abstract of judgment shows no one-year sentence for a prison prior, and it contains no indication of any sentence on a prior struck.

13

Consequently, the trial court never imposed the prison prior enhancements. It did not have defendant admit the priors, as it did with the other enhancements it imposed. The court concluded its articulation of the sentence by stating that it was striking the prison priors (though it used the singular): "And I'm striking the one-year prior." (See, e.g., *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1153 [example of court exercising discretion under § 1385 to strike prison prior].) The minute order does not refer to the prison priors. The abstract of judgment does not include the prison priors, nor does it show that prison time on any enhancement was stayed or struck.

Because the court did not impose any prison prior enhancement, section 1172.75 does not apply. We therefore affirm the trial court finding that defendant is ineligible under that section. Defendant is like thousands of inmates throughout the state who had no section 667.5, subdivision (b) prison prior imposed in their judgment.

Because no prison priors were imposed here, it does not matter if *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted, is correct or if, instead, the several cases rejecting it are correct. Those cases concern whether prison prior enhancements are "imposed" under section 1172.75, subdivision (a), when they were imposed (included in the judgment) but their punishment was stayed or struck. Here, prison priors were not imposed at all.

Because no prison prior enhancement was imposed, one might wonder why this case got to the trial court. Prison administrators are supposed to identify for trial courts only judgments that include section 667.5, subdivision (b) prison priors. The answer is

14

that defendant's abstract of judgment contained typographical errors that showed "PC 667.5(B)" as the enhancement for three of the other enhancements that carry five-year and10-year sentences. These imposed enhancements were not in fact section 667.5, subdivision (b) prison priors. Prison prior enhancements under section 667.5, subdivision (b) are one-year enhancements. (*People v. Carter*, *supra*, 97 Cal.App.5th at p. 966.) They cannot be five- and 10-year enhancements like the ones in defendant's judgment. At the plea and sentencing hearing, defendant admitted the truth of the other enhancements, but not the one-year prison priors. The trial court did not ask defendant to admit the truth of the prison prior enhancements.

In hearing the current petition, the trial court stated that the abstract of judgment is "the most interesting collection of enhancements I have ever seen" and explained that the judgment listed a code section number that did not exist and attributed other punishment in several impermissible ways, including listing section 667.5, subdivision (b) with a five- or 10-year enhancement. In denying defendant's section 1172.75 petition, though, the court said: "This is abundantly clear from this record. The defendant was sentenced to absolutely no prison prior. Let me repeat that. The defendant was sentenced to absolutely no prison prior. There is ambiguity in the language that was used. The judge did strike a prison prior. It is clear that the judge intended to strike all of the prison priors." The court ordered the abstract of judgment "amended to reflect the original pronouncement of judgment." Defendant's abstract of judgment now contains no typographical error that lists section 667.5, subdivision (b).

15

Under section 1385, subdivision (b)(1), a court that has the power to strike an enhancement "may instead strike the additional punishment for that enhancement in the furtherance of justice. . . ." This can be referred to as "imposing" the enhancement but striking the punishment. (See *People v. Hall* (2024) 104 Cal.App.5th 1077, 1088 ["court imposed but struck the punishment for the firearm enhancements"]; *People v. Boukes* (2022) 83 Cal.App.5th 937, 939 [trial court "imposed, but struck punishment on the gang enhancements"].)

The Rules of Court provide a legal standard for a court's decision whether to strike an enhancement entirely or strike only its punishment: "In determining whether to strike the entire enhancement or only the punishment for the enhancement, the court may consider the effect that striking the enhancement would have on the status of the crime as a strike, the accurate reflection of the defendant's criminal conduct on his or her record, the effect it may have on the award of custody credits, and any other relevant consideration." (Cal. Rules of Court, rule 4.428(b).)

At the sentencing here, the trial court initially said "[y]ou know what, I'm going to strike the punishment" on the prison prior enhancements. But when it articulated the sentence, it said that it was striking the enhancement, not the punishment: "And I'm striking the one-year prior." The latter is what the court did. The court did not have defendant admit the prison priors once he responded that two were simply probation violations. And the court did not include them in the judgment with struck punishment.

Based on the foregoing reasons, we conclude that section 1172.75 does not apply as defendant had no prison prior imposed at all. Thus, defendant is not entitled to resentencing under subdivision (d) of the statute.

IV.

DISPOSITION

The trial court's order finding defendant ineligible for resentencing under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

17